## GORE ET AL., Plaintiffs-Appellees, v SINDELAR ET AL., Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20568.   Decided May 19th, 1947.

Jacob Marks, Cleveland, Ben C. Green, Cleveland, for plaintiffs-appellees.

David Ferris, Cleveland, David Klein, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, J.:

The defendants appellants bring this appeal on questions of law from a final order of the Municipal Court of Cleveland wherein judgment was entered against the defendants-appellants in the sum of $960.00. The court also found for the plaintiffs-appellees on defendants-appellants' counter-claim for damages.

The plaintiffs, a partnership, were engaged in the business of installing gas heating equipment for domestic and industrial use. They were engaged by the defendants, a partnership, to install a heat-treating furnace together with other equipment, in defendants' place of business. The plaintiffs' petition alleges that they performed the work which they contracted to do and that there is a balance due for such work of $960.00 with interest from December 11, 1945.

The defendants' answer and cross-petition alleged that it was agreed between the parties that the plaintiffs would install such machine "so that it would do the work" of the defendants "without interruptions;" that it broke down causing a loss to defendants of a minimum of $15.00 per hour for 64 hours; that the plaintiffs, having refused upon notice, to repair the damage caused by their failure to properly install such machinery as required by their agreement, the defendants were compelled to procure others to make such repairs. The defendants further allege that because of plaintiffs' failure to perform the contract, to install the heat treating furnace in a workmanlike manner, defendants were damaged by reason of the loss of the use of such furnace in the sum of $960.00. The allegations of the defendants' answer and cross-petition were denied by reply.

Upon trial it was conceded that the balance due the plaintiffs for the work performed by them for the defendants was $960.00 which amount was by agreement withheld by the defendants until they could litigate their claim for damages as set forth in their counter-claim.

Upon trial the defendants introduced evidence which tended to establish that the plaintiffs in erecting the parts of the heat treating furnace or machine failed to do the work in a workmanlike manner in that they did not tighten sufficiently certain Jay Bolts which were used to hold a quench

chute in place over or in a quench tank through which steel, which was being heat treated, would fall after passing through the furnace. That as a result of such Jay Bolts being improperly installed they fell out thereby dropping the quench chute down one side so that it caught on a conveyor belt operating in the bottom of the quench tank causing damage that necessitated the shutting down the entire machinery for 64 hours.

The defendants then offered to prove the damage they sustained because of the loss of the use of such machinery which they claimed to have been proximately caused by the plaintiffs' failure to install said Jay bolts properly. There was no claim for damage for the expense of making the necessary repairs because the manufacturer of the furnace made such repairs without cost to the defendants.

The court sustained the plaintiffs' objection to evidence offered to establish the extent of the damage for the loss of use of the heat treating furnace and upon motion of plaintiffs for a judgment on defendants' counter-claim, granted such motion and entered judgment for the plaintiffs in the sum of $960.00 and interest from Dec. 1, 1945 and judgment for plaintiffs on defendants' counterclaim.

The exclusion of such evidence was clearly prejudicial error. The defendants by their pleadings alleged "consequential damages." They offered evidence to support such claim. Such evidence was competent to show the extent of the damage, if any, resulting from the loss that the failure of such furnace to operate caused to their general process of manufacture.

In the case of **The Cleveland Punch & Shear Works Co. v The Consumers Carbon Co., 75 Oh St 153**, the court said in the first paragraph of the syllabus:

"In an action to recover damages for failure of the vendor to deliver machinery according to the terms of his contract it is proper to allege that the machinery was intended to be used in a manufacturing plant in process of erection, and that the vendor was so informed, such facts making it appear that the loss of the use of the plant, was within the contemplation of the parties, an injury to result from a breach of the contract by the vendor, and therefore, a proper element of recovery."

In the case of **The Champion Ice Machine & Cold Storage Co. v The Penn Iron Works, 68 Oh St 229** the plaintiff below brought action for balance due for a crank shaft ordered by and delivered to the defendant below. The defendant answered admitting the receipt of the shaft but alleged that the

plaintiff had agreed to deliver such shaft upon a specified date knowing that the part was necessary for the operation of the ice plant. That the plaintiff failed to deliver such part on the day agreed and that the subsequent delay caused the defendant damage in excess of the balance due because of its inability to operate its plant without such part all of which was in the contemplation of the parties when the contract was made. The court held:

"In an action by the owner of machinery used in a plant in actual operation to recover damages for the breach of a contract to furnish at the time specified an essential part of a disabled machine, the measure of damages is the value of the use of the machine in the business for the time which intervenes between the date for delivery fixed by the contract and the date of actual delivery if the circumstances are known to both parties at the time of making the contract."

This principle of law was again declared by the Supreme Court of Ohio in the case of Hayes Freight Lines Inc. v Joseph Tarver, No. 30845, decided May 14, 1947. (148 Oh St 82.) The second paragraph of the syllabus provides:

"When a motor vehicle has been damaged through the negligent acts of another only to such extent that it is reasonably capable of being repaired within a reasonable period of time after its damage, the owner may recover not only the difference in value of the vehicle immediately before and immediately after the damage, but may also recover the loss of the use of the vehicle for such reasonable period of time as is necessary to make the repairs."

When a contract to install a machine is entered into, it needs no citation of authority in support of the rule that an agreement to do such work in a workmanlike manner is an implied provision of the contract if it is not otherwise provided. The defendant having introduced some evidence that the work was not done in a workmanlike manner and further having offered evidence of the damage suffered because of the loss of the use of the heat treating furnace by reason of plaintiffs' failure to install the furnace in a workmanlike manner which evidence was excluded by the court, the exclusion of such evidence constituted reversible error. The judgment of the Municipal Court for the plaintiffs on the defendants' counter-claim is therefore reversed and cause remanded for further proceedings.

HURD, PJ, and MORGAN, J, concur.